## MARTIN L. BRETT & *al. versus* TOBIAS O. THOMPSON.

The obligee of a bond for the conveyance of real estate, who has forfeited his right thereto by a non-performance of a condition precedent, has no claim or interest in the estate which can be attached on mesne process; and if, after such attachment is made, the obligee should, without fraud, procure a renewal of the bond, and sell and assign the renewed bond, his assignee's rights would not be affected by the attachment.

ON AGREED STATEMENT.

THIS was a WRIT OF ENTRY upon the demandant's own seizin. In the fall of 1852, the plaintiffs had a claim against C. H. Merrill of Frankfort, and commenced a suit against him and caused an attachment to be made and returned of real estate, in the usual form, on the 16th day of December, 1852. Said

action was kept in Court till the May term, 1856, when judgment was taken in same and execution issued, which execution was levied upon the premises demanded in this action.

On the 22d day of September, 1851, said Merrill took, from Tisdale Dean of Frankfort, a bond of that date, to convey to him, upon certain conditions therein named, a certain lot of land in Frankfort, of which the demanded premises are a part. The first note described in the bond was paid at maturity, but the second and third notes were not paid at maturity, nor had they been at the date of the attachment.

On the 10th day of March, 1853, after all of said three last named notes had become due and were unpaid, Dean, at the request of Merrill, extended the bond. On the 20th day of June, 1853, Merrill, for a good and sufficient consideration, and *bona fide*, assigned the bond, as extended, to Elisha Chick.

The fee in the premises described in said bond was never in said Tisdale Dean, but was in Mary Dean, his wife, in her own right, she having inherited the same from her father's estate.

Chick, on the 27th day of October, 1853, paid said last three notes, and, at Tisdale's request, his wife conveyed said premises, described in the bond, to Chick, in her own right.

*N. H. Hubbard,* for plaintiff.

*A. Merrill,* for defendant, cited *Shaw* v. *Wise,* 10 Maine, 113; *Stevens* v. *Legrow,* 19 Maine, 95; *Jameson* v. *Head,* 14 Maine, 34; *French* v. *Sturdivant,* 8 Maine, 246; *Crocker* v. *Pierce,* 31 Maine, 177; *Houston* v. *Jordan,* 35 Maine, 520.

The opinion of the Court was drawn up by

CUTTING, J.—By R. S. of 1840, c. 114, § 73, "the right, title and interest which any person has, by virtue of a bond or contract, to a deed of conveyance of real estate on specific conditions, may be attached on mesne process." This statute was a reënactment of the original statute of 1829, c. 431, under which this Court have decided, in *Shaw* v. *Wise,* 10

Maine, 113, that such bond is a contract merely *personal*, and the right, title and interest accruing under it is merely a *personal* right. If so, there is much force in the counsel's position, for the defence, that the attachment was not sufficiently specific. In *Stevens* v. *Legrow*, 19 Maine, 95, an attachment of " all the right, title, interest, estate, claim and demands of every name and nature," &c., was held sufficient; Chief Justice WESTON remarking that, " the plaintiff having caused to be attached every claim or demand which Varney had in the county of Cumberland, those terms are broad enough to embrace his right under the contract, in virtue of the statute of 1829, c. 431." But on this point we express no opinion, for there are further and more insuperable objections to the maintenance of this action.

It seems that the bond was given by the husband, obligating himself, upon the performance of certain conditions, to convey an estate, of which his wife in her own right was seized in fee simple. And further, that the obligee, before and at the time of the attachment, had forfeited his interest in the bond by a non-compliance with a condition precedent. Under such circumstances, in the absence of any pretended fraud, it can hardly be presumed or contended that the obligee had any attachable interest at the time of the attachment, which he could enforce. And long before the levy on the execution, he had, for a valuable consideration and *bona fide*, assigned the bond, after its renewal by an extension. If the assignee's interest had been attached by *his* creditor, and the levy made on the land after the conveyance to him, the statute of 1847, § 1, cited by the demandant's counsel, might apply. That statute has relation to the several and respective interests of the assignor and assignee; for it is " the right, title and interest which *any person* has by virtue of a bond," that is attachable. After the transfer, the purchaser becomes the " *person*" interested. It was enacted, probably, in order to obviate the objections raised in *Aiken* v. *Medex*, 15 Maine, 157, where it was held that a sale and not a levy was the appropriate and only mode pointed out by the former statute, notwithstanding,

after the attachment, the conditions of the bond had been performed. According to the agreement of the parties, the

*Demandants nonsuit.*

TENNEY, C. J., and APPLETON, MAY, DAVIS, and KENT, J. J., concurred.